# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHAN JOHN HUIRAS,

                Plaintiff,

v.

NICOLE HUIRAS and STATE OF
WISCONSIN DEPARTMENT OF
CHILDREN AND FAMILIES,

                Defendants.

Case No. 25-CV-1416-JPS

**ORDER**

## 1.  INTRODUCTION

On September 16, 2025, Plaintiff Nathan John Huiras (Plaintiff") brought a notice of removal as to yet another state family law case before this Court. ECF No. 1. Plaintiff has repeatedly and inappropriately attempted to litigate matters related to his divorce and the custody of his children in federal court, leading both the Eastern District of Wisconsin and the Seventh Circuit to dismiss his cases. *See, e.g., Huiras v. Racine County*, No. 25-CV-85, 2025 WL 2582187 (E.D. Wis. Feb. 13, 2025), *aff'd*, No. 25-1263, 2025 WL 2544713 (7th Cir. Sept. 4, 2025); *Huiras v. Cafferty*, No. 22-CV-1109, 2023 WL 2188666 (E.D. Wis. Feb. 23, 2023), *aff'd*, No. 23-1385, 2023 WL 6566492 (7th Cir. Oct. 10, 2023); *Huiras v. Cafferty*, No. 22-CV-575, 2022 WL 16835779 (E.D. Wis. Nov. 9, 2023), *aff'd*, No. 22-3081, 2023 WL 4842323 (7th Cir. July 28, 2023).

Plaintiff has even tried to litigate these issues across the border in Illinois, with no success. *See, e.g., Huiras v. Huiras*, 25-CV-3900, ECF No. 4 (N.D. Ill. April 11, 2025) ("As pro se Plaintiff's issue seems to stem from the

outcome of his divorce trial, which occurred in Wisconsin State court, the Court does not have jurisdiction to adjudicate issues decided by a Wisconsin state court and which are not subject to this Court's limited jurisdiction. Accordingly, the Court sua sponte dismisses the case for lack of subject matter jurisdiction and lack of personal jurisdiction, with prejudice."). As discussed further below, the Court here too has no subject matter jurisdiction over Plaintiff's case and will accordingly dismiss it without prejudice. Since it will dismiss this action, the Court will also deny Plaintiff's motion to proceed in forma pauperis, ECF No. 2, as moot. Finally, the Court will impose a filing bar of five years as set forth below in light of Plaintiff's recent filings.

## 2.     FACTS

In his Report and Recommendation, Magistrate Judge Dries carefully described all the facts material to this motion. ECF No. 5 at 1–2. Plaintiff does not object to the R&R's factual recitation, *see generally* ECF No. 6, and the Court has no independent reason to disagree with the facts as Magistrate Judge Dries found them. The Court will, therefore, adopt the facts as stated in the Report and Recommendation and reproduce them below.

Plaintiff has brought several lawsuits relating to his state family law proceedings, each of which has been dismissed. *Id*. at 1 (collecting cases). The most recent state matter Plaintiff has sought to relitigate in federal court, which is now before this Court, is the Wisconsin Court of Appeal's denial of his mandamus petition in connection with the circuit court's alleged failure to hold a hearing as to a motion to modify child support. *Id*. at 2 (citing ECF No. 1 at 3 and ECF No. 1-1 at 4–22). The Wisconsin Court of Appeals denied his petition because there is "no plain and unequivocal

duty" for the trial court do so. *Id.* at 2 (citing ECF No. 1-1 at 1–3). A day following his loss at the Wisconsin Court of Appeals, Plaintiff, proceeding pro se, filed this motion to remove the state family action to this Court. *Id.* at 2; *see also* ECF No. 1.

## 3.    ANALYSIS

### 3.1    Magistrate Judge Dries' Report and Recommendation

Magistrate Judge Dries noted that it was inappropriate for the Court to hear Plaintiff's case for two reasons. First, Plaintiff failed to properly allege subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332. *Id.* at 3 ("Generally, a federal court has original jurisdiction 'of all civil actions arising under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, or 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States,' 28 U.S.C. § 1332(a)(1)."). In response to Plaintiff's allegation that jurisdiction existed under § 1332, Magistrate Judge Dries discussed several deficits. *Id.* at 3. Plaintiff failed to allege where his ex-wife is domiciled. *Id.* Plaintiff alleged he was not domiciled anywhere. *Id.* Lastly, Plaintiff's claims left Magistrate Judge Dries "unclear" as to whether the controversy would exceed $75,000. *Id.*

Second, even if these deficits could be fixed, Magistrate Judge Dries explained that the domestic-relations exception discourages federal courts from hearing cases as it pertains to "divorce, alimony, and child custody decrees." *Id.* (citing *Marshall v. Marshall*, 547 U.S. 293 (2006)). He noted that this exception applies to "both diversity and federal question cases." *Id.* at 3–4 (citing *Huiras*, 2023 U.S. App. LEXIS 26815 at *4 (quoting *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018)). Accordingly, removal was improper under § 1441(a). *Id.* at 4 (citing *Friedlander v. Friedlander*, 148 F. 3d

739, 740 (7th Cir. 1998) (quotation omitted) and *Olsen v. Olsen*, 580 F. Supp. 1569, 1571 (N.D. Ind. 1984)).

### 3.2    Plaintiff's Objections

On October 8, 2025, Plaintiff filed his objections. Although presented in an unorganized fashion, the Court discerns three objections. First, Plaintiff believes there is diversity jurisdiction because he is "not a citizen of Wisconsin." ECF No. 6 at 2. Second, Plaintiff argues that his claims are not barred by the domestic-relations exception because he "is not asking this court to modify a child custody decree. [He is] merely asking for the right to be heard on modifying the single and separate federally created and funded child-support order. 45 C.F.R. § 302.1." *Id*. To this end, Plaintiff asserts that the mere fact that a case "arises out of a divorce and custody proceeding" is insufficient to trigger the exception. *Id*. at 3 (citing *Kowalski v. Boliker*, 893 F. 3d 987 (7th Cir. 2018)). Third, Plaintiff claims a due process violation may arise independently of family law matters, citing *Matthew v. Eldridge*, 424 U.S. 319 (1976), for the proposition that a "Private Citizen's right to a hearing cannot be denied without sufficient justification." *Id*. at 4.

### 3.3.    Standard of Review

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. The Court must review de novo any portion of the magistrate's recommendation to which the Plaintiff properly objects, and may accept, reject, or modify any part of the recommendation. FED. R. CIV. P. 72(b)(3). The Court has considered Magistrate Judge Dries' recommendation and will adopt it for the reasons discussed below.

### 3.4 De Novo Review

None of Plaintiff's objections have merit. First, Plaintiff, regardless of his own citizenship, still has failed to properly allege the domicile of his ex-wife. Second, Plaintiff's invocation of 45 C.F.R. §302.1 does not turn this case into a federal question, nor does it transmute state child support cases into federal cases. *See In re Huiras*, 671 B.R. 59, 63 n.4 (E.D. Wis. 2025) (noting that the use of federal funds under this statute to enforce a child-support order does "not affect the underlying validity and enforceability of the final divorce judgment and any injury [plaintiff] may have suffered because that judgment was entered has no discernably relevant bearing on whether this case should be dismissed"); *see also Marathon County Child Support Agency v. Milbeck*, 2024 WL 3533451, at *2 (W.D. Wis. July 25, 2024) (noting that this statute "only provides that the 'district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any civil action certified by the Secretary of Health and Human Services under section 652(a)(8) of this title.'") (citing 42 U.S.C. § 660). None of the allegations here establish that Plaintiff has an enforceable right under this statute, let alone that the requisite certification has been made. While it is true that jurisdiction does not turn on whether a case arises from a custody or family matter alone, in this case, Plaintiff repeatedly and specifically asks the Court to review a final state court judgment. *See, e.g.*, ECF No. 1 at 3 ("It is a federal crime committed by the State of Wisconsin . . . to willfully and recklessly deny the debtor access to the court . . . ."); ECF No. 1 at 4 ("The State of Wisconsin has acted in bad faith to profit in Title IV-D Federal Award Dollars by denying Huiras access to the court when there is clear and convincing evidence that his income has changed.").

To be sure, the Court may not weigh in on a final state court judgment. *See Gilette v. Gillette*, 2023 WL 4207730, at *2 (E.D. Wis. June 27, 2023) ("As Judge Stadtmueller explained, 'the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation.'") (citing *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Here, the Wisconsin Court of Appeals has already adjudicated whether Plaintiff was entitled to a hearing in connection with his motion to modify child support and found that he was not. As such, there is no merit to Plaintiff's objections, and there is no subject matter jurisdiction here. Accordingly, the Court will dismiss the case without prejudice.

### 3.5    Motion to Proceed in Forma Pauperis

At the time of filing this action, Plaintiff also moved to proceed without prepayment of the filing fee. ECF No. 2. However, since this action will be dismissed, the Court will deny the motion as moot.

### 3.6    Filing Bar

The right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing

orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Under the circumstances presented by Plaintiff having filed five cases, including three appeals to the Seventh Circuit and the case at bar here, within a three-year span relating to his state family law cases, the Court finds it appropriate to impose a filing bar preventing Plaintiff from filing any new lawsuits for a period of five years. The filing bar extends to any motions to reconsider but excludes notices of appeals or papers in any criminal case in which he is a defendant or any application of habeas corpus. Plaintiff may move to modify or rescind this bar no earlier than five years after the date of this Order. *See Smith*, 2019 WL 6037487, at *11.

## 4. CONCLUSION

The lower federal courts—including this one—do not have the authority to review or overturn what Plaintiff believes to be an invalid state court judgment mandating child support of a certain amount. As such, this case will be dismissed without prejudice. Since it will dismiss this action, the Court will also deny Plaintiff's motion to proceed in forma pauperis, ECF No. 2, as moot. In addition, given the number of cases Plaintiff has filed and appealed unsuccessfully in this District on his family law matters,

the Court will now impose a filing bar, as discussed above, that will last five years, which will take effect on the date this Order is entered.

Accordingly,

**IT IS ORDERED** that Plaintiff Nathan-John Huiras' objections to Magistrate Judge Dries' report and recommendation, ECF No. 6, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Dries' report and recommendation, ECF No. 5, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff Nathan-John Huiras' motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Nathan-John Huiras shall be **BARRED** for five years from the date of this Order from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant or any application for habeas corpus; the Clerk of Court shall **RETURN UNFILED** any such papers; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge